UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO LOPEZ, M.D. and RAIDA LOPEZ,

        Plaintiffs,

vs.                  Case No.  2:12-cv-525-FtM-29DNF

LEXINGTON INSURANCE COMPANY,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Amended Objection to Notice of Removal and Motion to Remand Case to State Court (Doc. #12) filed on October 9, 2012.  Defendant filed a Response (Doc. #15) on October 24, 2012.  For the reasons stated below, the Court finds that the Notice of Removal was not timely and will remand the case to state court.

**I.**

The Complaint (Doc. #2) alleges that defendant Lexington Insurance Company (Lexington) issued a homeowner's insurance policy to plaintiffs Mario Lopez, M.D. and Raida Lopez (Lopezes) in October 2004, which was renewed in 2005, 2006, and 2007, covering their property located at 263 George Road, Port Charlotte, Florida. (Doc. #2, ¶¶ 1-5.)  After Hurricane Charley made landfall in August 2004 and caused damage to the property, plaintiffs contracted with Creative Construction of Charlotte County, Inc. (Creative), to reconstruct and repair the property. (Id., ¶¶ 6-7.)  Between 2005

and 2007, when Creative performed the repairs, plaintiffs lived in temporary housing.  (Id., ¶ 8.)  After the work was completed, plaintiffs moved back into the subject property and discovered numerous problems, including areas of water intrusion and damage, which rendered the property uninhabitable.  (Id., ¶ 9.)  As a result, plaintiffs expended nearly $1,000,000 to repair and remediate the property, and incurred damages including: loss of use of the residence, expenses for alternate living arrangements, expenses to repair interior finishes and personal property, expenses for investigation of and emergency repairs to the residence, and detrimental health effects.  (Id., ¶¶ 10, 12.) Plaintiffs allege that they suffered a covered loss due to water intrusion, provided written notice and demand upon defendant regarding the loss, and only received partial payment from defendant.  (Id., ¶¶ 11, 13, 14.)

The Complaint then sets forth four state law claims: (1) Count I alleges breach of contract for the 2005 homeowner's insurance policy; (2) Count II alleges breach of contract for the 2006 renewal policy; (3) Count III alleges breach of contract for the 2007 renewal policy; and (4) Count IV alleges breach of contract for the 2008 renewal policy.  (Doc. #2.)  Each count seeks damages "in excess of $15,000.00."  (Id., ¶¶ 16, 20, 24, 28.)

## II.

Generally, any civil action brought in a state court of which the federal district court has "original jurisdiction" may be removed by a defendant to federal court. 28 U.S.C. § 1441(a). The "original jurisdiction" of a federal district court includes diversity jurisdiction. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

The timing of a notice of removal is controlled by 28 U.S.C. § 1446(b). If the state case is removable on the face of the initial pleading, a defendant has 30 days from service of the complaint in which to file a notice of removal. 28 U.S.C. § 1446(b)(1).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Filing a Notice of Removal outside the 30 day window constitutes a defect in removal procedure. Wilson v. General Motors Corp., 888 F.2d 779, 781 n. 1 (11th Cir. 1989).[1]

---

[1]Plaintiffs also argue that defendant waived its right to
(continued...)

**III.**

Plaintiffs assert that the Complaint was removable on its face, and therefore the 30 day period began on March 8, 2012 when defendant was served with the Complaint. (Doc. #12.) In response, defendant argues that the Complaint was not removable on its face, and therefore the 30 day period began on September 6, 2012 when defendant was served with an "other paper," i.e., plaintiffs' response to requests for admissions in which plaintiffs admitted seeking damages in excess of $75,000. (Doc. #15.)

The Complaint sought an amount "in excess of $15,000.00," the minimum jurisdictional amount for a state circuit court. This is not necessarily an amount within the $75,000 federal jurisdictional limit, but "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(collecting cases). Plaintiffs argue that the Complaint was immediately removable because the Complaint expressly states that plaintiffs expended nearly $1,000,000 to repair and remediate the property, and a pre-suit letter from plaintiffs had demanded payment for additional expenses

---

[1](...continued)
remove by litigating the case on its merits in state court and equity and judicial economy favor remand to state court. Because the Court finds that the Notice of Removal was not timely filed, the Court need not address these arguments.

in excess of $400,000.  (Doc. #12.)  Defendant responds that pre-suit demands are not accepted as a basis for establishing the amount in controversy and that the Complaint is convoluted and does not clearly document what damages are being sought from defendant only, particularly because plaintiffs allege that they received partial payment from defendant and have a pending suit against their contractor and subcontractors.  (Doc. #15.)

"District courts in this circuit are divided on the issue of whether a claimant's pre-suit settlement demand letter can serve as notice of a claim's value so as to trigger the thirty-day time period set forth in 28 U.S.C. § 1446(b)."  Lambertson v. Go Fit, LLC, No. 2:12-cv-23289-KMM, 2013 WL 147840, at *3 (S.D. Fla. Jan. 14, 2013)(collecting cases).  Therefore, the Court will first address whether it was facially apparent that the Complaint was removable.  The Court concludes that it was.

On its face, the Complaint alleges that as a result of water intrusion as well as problems with the construction, plaintiffs expended nearly $1,000,000 to repair and remediate the property. (Doc. #2, ¶¶ 9, 10.)  The Complaint also alleges that plaintiffs suffered a covered loss and suffered damages including: damage to the residence and certain of its components; damage to personal property; personal injury; loss of use of the property; additional living expenses; repair and replacement costs; and inspection and testing costs.  (Id., ¶¶ 11, 12.)  Plaintiffs admit that defendant

made partial payment to plaintiffs but allege that defendant breached its contracts with plaintiffs by failing to pay for all covered losses. (Id., ¶¶ 14, 18, 22, 26, 30.)

Defendant contends that it is not facially apparent whether plaintiffs are seeking the nearly $1,000,000 in expenses only from defendant, especially given the partial payment and a pending suit against the contractor and subcontractors. The Court disagrees. The allegation of a partial payment would only entitle defendant to a set-off, which is irrelevant in determining the amount in controversy. See, e.g., Black v. State Farm Mut. Auto. Ins. Co., No. 10-80996-CIV, 2010 WL 4340281 (S.D. Fla. Oct. 22, 2010); see also Miedema v. Maytag Corp., 450 F.3d 1322, 1332 n. 9 (11th Cir. 2006)("When determining the amount in controversy for jurisdictional purposes, however, courts cannot look past the complaint to the merits of a defense that has not yet been established."). Additionally, Lexington is the only defendant named in the Complaint, and there is no indication on the face of the Complaint that plaintiffs are seeking the damages from any other party. Further, the damages are described in a portion of the Complaint addressing "Covered Loss" under the insurance policy. The Court finds that it is apparent on the face of the Complaint that the amount in controversy exceeds the jurisdictional requirement. Therefore, the 30 day period began upon service of

the Complaint and defendant's notice of removal filed on September 20, 2012 was untimely.

Accordingly, it is now

**ORDERED**:

1.    Plaintiffs' Amended Objection to Notice of Removal and Motion to Remand Case to State Court (Doc. #12) is **GRANTED.**

2.    The Clerk is **DIRECTED** to remand the case to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida and to transmit a certified copy of this Order to the Clerk of that Court.   The Clerk is further directed to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>4th</u> day of April, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record